T.C. Summary Opinion 2006-155

UNITED STATES TAX COURT

CHARLES J. OLINTZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 763-05S.                    Filed September 25, 2006.

Charles J. Olintz, pro se.

Lauren B. Epstein, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

    [1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 2002 in the amount of $5,361 and the accuracy-related penalty under section 6662(a) in the amount of $1,072.

The principal issue is whether petitioner is liable for the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan, and whether petitioner is liable for the penalty under section 6662(a).[2]

Some of the facts were stipulated and are incorporated herein. At the time the petition was filed, petitioner resided in Melbourne, Florida.

Petitioner was an employee of Bell Atlantic for 10 years. Bell Atlantic, either by merger or other type of corporate reorganization, became known as Verizon or Verizon Communications. During the year 1999, petitioner retired. At the time of his retirement, petitioner was 56 years old.

As an employee, petitioner was a participant in two pension plans of his employer. One plan was described as a "Direct Savings Account Plan", and the other plan was described as a "401(k) plan". Both plans were qualified plans under section 401. The issue in this case arises from a withdrawal by

---

[2]The notice of deficiency also included an adjustment of $62 in unreported interest income. Petitioner conceded that issue at trial. Petitioner also reported nonemployee compensation of $2,354, which he reported as other income on his income tax return. In the notice of deficiency, respondent determined that this income was subject to self-employment tax. Petitioner did not challenge that determination.

petitioner of $50,545.27 from the Direct Savings Account Plan during the year at issue, 2002. Petitioner included that amount as income on his 2002 Federal income tax return. Petitioner, however, did not include a computation or payment of the additional tax under section 72(t) for an early distribution from a qualified retirement plan. In the notice of deficiency, respondent determined that the distribution was subject to the additional tax under section 72(t).

Section 72(t) imposes a 10-percent additional tax on early distributions from a qualified retirement plan. Paragraph (1) provides in relevant part:

> (1) Imposition of additional tax.–-If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includable in gross income.

The 10-percent additional tax, however, does not apply to certain distributions. Section 72(t)(2) excepts distributions from the additional tax if the distributions are made: (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) on account of the employee's disability; (4) as part of a series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment

of age 55; (6) as dividends paid with respect to corporate stock described in section 404(k); (7) to an employee for medical care; or (8) to an alternate payee pursuant to a qualified domestic relations order.

Petitioner acknowledged at trial that he used the proceeds of the distribution to pay personal expenses and a substantial amount was used to pay expenses of his fiancee, who was in a financial bind.

The Court agrees with respondent that petitioner's use of the distribution proceeds in this fashion does not exempt the distribution from the additional tax under section 72(t). However, section 72(t)(2)(A)(v) provides that the section 72(t) additional tax does not apply to distributions made to an employee after separation from service after attainment of age 55. Petitioner testified he was separated from service at age 56. Respondent did not challenge that assertion. On these facts, the Court sustains petitioner under section 72(t)(2)(A)(v).

Petitioner conceded the other adjustment noted earlier relating to two items of unreported income. Petitioner presented no evidence addressing the section 6662 penalty as relates to these two items. Respondent, therefore, is sustained on the penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.